OPINION OF THE COURT
Richard F. Braun, J.
This is a maritime action. Plaintiff George C. Holness (Plaintiff) moves for summary judgment on his claims for maintenance, cure, and attorney’s fees. Defendants Maritime Overseas Corporation and Intercontinental Bulktank Corporation (Defendants) move for summary judgment dismissing those *627 claims, which are Plaintiffs fifth, sixth, seventh, and eighth causes of action.
Plaintiff was injured on Defendants’ boat. Plaintiff was a member of the Marine Engineers Beneficial Association (MEBA), a union for maritime engineers. The agreement by MEBA on behalf of its union members provided that maintenance and cure would be paid to an injured engineer such as Plaintiff at the rate of $8 per day. The agreement was in effect at the time of Plaintiffs accident. Eight dollars per day, though, did not actually cover even Plaintiffs daily expenses.
At first blush, it may appear that the provision should not be enforced in light of the salutary purposes of maintenance and cure, which are to pay the daily and medical expenses of injured sea workers. However, it is an important Federal policy that the collective bargaining process should be upheld (see, Steelworkers v Warrior & Gulf Co., 363 US 574, 578 [I960]). The agreement was arrived at through collective bargaining. The provision at issue is only one among numerous provisions in the agreement which give various benefits to the members of Plaintiffs union. In the usual process of negotiating a collective bargaining agreement, there is a give-and-take that leads to one or more provisions affording less than some union members may desire and need. The one provision at issue cannot be viewed in isolation. The provision is enforceable (see, Baldassaro v United States, 64 F3d 206, 212 [5th Cir 1995]; AlZawkari v American S. S. Co., 871 F2d 585, 588 [6th Cir 1989]; Macedo v F/ V Paul & Michelle, 868 F2d 519, 522 [1st Cir 1989]; Gardiner v Sea-Land Serv., 786 F2d 943 [9th Cir], cert denied 479 US 924 [1986]; contra, Daniels v Standard Mar. Transp. Serv., NYLJ, Jan. 24, 1997, at 26, col 5 [Civ Ct, NY County]; Barnes v Andover Co., 900 F2d 630, 640-644 [3d Cir 1990]).
Plaintiff and Defendants submit the page of the clinical records of Plaintiffs treating doctor which shows that he determined that on October 13,1994 Plaintiff had reached maximum medical improvement. That conclusion was affirmed on October 26, 1995. Plaintiff submits no countervailing medical evidence, and his attorney’s attempt to explain away the conclusion is unsupported.
It is undisputed that Plaintiff was paid maintenance and cure in the $8 amount provided for under the agreement until the time that he was found to have attained maximum medical improvement. He is entitled to no further maintenance and cure because at that point the shipowner’s responsibility to pay maintenance and cure ended (Vella v Ford Motor Co., 421 *628 US 1, 6, n 5 [1975]). Therefore, the fifth and sixth causes of action seeking compensatory and consequential damages due to Defendants’ failure to pay maintenance and cure must be dismissed.
The seventh cause of action seeks punitive damages due to Defendants’ alleged willful, arbitrary, and capricious failure to pay Plaintiff maintenance and cure. Given the dismissal of the aforesaid causes of action for maintenance and cure, this cause of action cannot stand. Furthermore, punitive damages are not available for the failure to pay maintenance and cure (Kraljic v Berman Enters., 575 F2d 412 [2d Cir 1978]). Finally, punitive damages cannot be asserted as a separate cause of action (APS Food Sys. v Ward Foods, 70 AD2d 483, 488 [1st Dept 1979]). Thus, the seventh cause of action has to be dismissed.
The eighth cause of action is for attorney’s fees due to Defendants’ not paying Plaintiff the maintenance and cure which Plaintiff claims. The standards for the payment of attorney’s fees under such circumstance are where the shipowner has acted callously, recalcitrantly, and willfully and persistently (Vaughan v Atkinson, 369 US 527, 530-531 [1962]). Obviously, that has not occurred here where the maintenance and cure causes of action must be dismissed, as must this cause of action.
Thus this court must grant Defendants’ motion for partial summary judgment. Plaintiff’s motion must be denied.