*945 OPINION OF THE COURT
Per Curiam.
Order entered January 22, 1997 affirmed with $10 costs.
Plaintiff Howard Daniels, a seaman, commenced this action to recover compensatory damages under the Jones Act (46 USC, Appendix § 688) and maintenance and cure for injuries sustained onboard the defendants’ vessel. The narrow issue framed for review is raised by plaintiff’s argument that the daily maintenance rate of $8 specified in his collective bargaining agreement and paid to him while he was unable to work was insufficient to fulfill its purpose of providing a seaman with food and lodging comparable to that aboard ship. We agree that the nominal maintenance rate fixed in the collective bargaining agreement impermissibly abrogates the right to maintenance, and thus sustains Civil Court’s grant of partial summary judgment to plaintiff on the maintenance issue.
A shipowner’s obligation to provide maintenance is deeply rooted in the general maritime law and is “a duty that no private agreement is competent to abrogate”. (De Zon v American President Lines, 318 US 660, 667, reh denied 319 US 780.) Liability for maintenance is “not to be defeated by restrictive distinctions nor ‘narrowly confined’ ” (Vaughn v Atkinson, 369 US 527, 532, quoting Aguilar v Standard Oil Co., 318 US 724, 735), and any ambiguities or doubts on issues of maintenance are to be resolved in favor of the seaman. (Supra.) To fulfill its principal purposes of assuring the well-being of seamen and promoting marine commerce (Vella v Ford Motor Co., 421 US 1, 3-4), the rate of maintenance should be set at a level sufficient to provide an injured seaman with food and lodging of the kind and quality received aboard ship (Calmar S. S. Corp. v Taylor, 303 US 525).
Notwithstanding the salutary goals and broad reach of maintenance in maritime law, four Federal Circuit Courts have upheld collective bargaining agreements limiting the daily rate of maintenance at $8, even though that amount is now widely recognized as inadequate to provide a living allowance during the sailor’s recovery period (see, Gardiner v Sea-Land Serv., 786 F2d 943 [9th Cir], cert denied 479 US 924; Macedo v F/V Paul & Michelle, 868 F2d 519 [1st Cir]; Al-Zawkari v American S. S. Co., 871 F2d 585 [6th Cir]; Baldassaro v United States, 64 F3d 206 [5th Cir]). This line of cases flows from the Ninth Circuit’s decision in Gardiner v Sea-Land Serv. (786 F2d 943, supra), in which a divided panel concluded that adherence to *946 national labor policy justified enforcement of the maintenance rate specified in a collective bargaining agreement, at least where the agreement as a whole is not “unfair or inadequate” and the maintenance rate is part of a total benefits package resulting from “real bargaining” (at 949).
The Third Circuit has sailed a different course, however, holding that “a union cannot bargain away the individual seaman’s common law right to maintenance by agreeing to a wholly inadequate figure as a daily maintenance rate.” (Barnes v Andover Co., 900 F2d 630, 640.) The Barnes court pointed to the fundamental inconsistency between the Supreme Court’s well-established rule prohibiting a shipowner from completely abrogating maintenance by contract and the adoption of a rule recognizing contractual rates of maintenance that are so inadequate as to be tantamount to abrogation (Barnes v Andover Co., supra, 900 F2d, at 637). The Barnes court concluded that any departure from the traditional scope of maintenance, even to accommodate national labor policy, must be made by Congress rather than by the court. (Supra, at 644.)
Although no reported decision of the Second Circuit has addressed this precise issue, that court has noted in a case involving a nonunion seaman that a fixed maintenance rate of $8 per day “stands as a symbolic but unfulfilled promise to seamen that their maintenance needs will be met.” (Incandela v American Dredging Co., 659 F2d 11, 14.) Further, several Federal District Courts in New York have followed Barnes (supra) in holding that an injured seaman is not bound by the $8 per diem maintenance rate provided for in a collective bargaining agreement (see, McMillan v Tug Jane A. Bouchard, 885 F Supp 452; Brown v United States, 882 F Supp 1424; Gilliken v United States, 764 F Supp 261; Covella v Buchanan Mar., 1996 WL 164482 [SD NY, Apr. 9, 1996, Martin, J.]; cf., Dixon v Maritime Overseas Corp., 490 F Supp 1191, affd without opn 646 F2d 560, cert denied 454 US 838). We find this view to be more persuasive, and hold that the provision in the collective bargaining agreement limiting plaintiff to an $8 daily maintenance rate, without the opportunity to seek maintenance based on actual food and lodging expenses, abrogates the right to maintenance and is unenforceable.
To the extent that Holness v Maritime Overseas Corp. (174 Misc 2d 626) is to the contrary, we need not and do not follow it.
Parness, P. J., Freedman and Davis, JJ., concur.